UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| PAUL G. CARRILLO, JR., | ) | No. CV 10-4092-JAK(CW) |
| | ) | |
| Petitioner, | ) | ORDER ACCEPTING REPORT AND |
| | ) | RECOMMENDATION OF UNITED STATES |
| v. | ) | MAGISTRATE JUDGE |
| | ) | |
| J. T. OCHOA, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, records on file, and the Report and Recommendation of the United States Magistrate Judge.  The court has engaged in a de novo review of those portions of the Report and Recommendation to which objection has been made. The court accepts the findings and recommendation of the Magistrate Judge.¹  **IT IS THEREFORE ORDERED** that judgment be entered

---

¹ In his objections to the Report and Recommendation, Petitioner makes two broad points, neither of which alters the conclusions reached by the magistrate judge. First, Petitioner reasserts arguments, addressed at length in the Report and Recommendation, to the effect that the trial court did not properly find aggravating factors to support imposition of the upper-term sentence.  Nothing asserted in the objections raises a "grave doubt" as to whether a jury would have found at least one of the aggravating factors beyond a reasonable doubt, or changes the conclusion that the Sixth Amendment error here was harmless.  See Butler v. Curry, 528 F.3d 624, 648-49

1 denying the Petition and dismissing this action with prejudice.

3 DATED: April 17, 2012

   _____
   JOHN A. KRONSTADT
   United States District Judge

---

18 (9th Cir. 2008)(citations omitted).
     Second, Petitioner contends his sentence is improper because the trial court abused its discretion in assessing evidence that was offered in mitigation and that could have justified imposition of the middle or lower-term sentencing, notwithstanding any factors in aggravation. As a general matter, however, a challenge to a trial court's application of it's own state's sentencing laws does not raise a federal question cognizable on habeas review. See Lewis v. Jeffers, 497 U.S. 764, 780, 110 S. Ct. 3092, 111 L. Ed. 2d 606 (1990); Christian v. Rhode, 41 F.3d 461, 469 (9th Cir. 1994)("Absent a showing of fundamental unfairness, a state court's misapplication of its own sentencing laws does not justify federal habeas relief")(citations omitted); Sturm v. California Adult Authority, 395 F.2d 446, 448 (9th Cir. 1967)("A state court's interpretation of its [sentencing] statute does not raise a federal question.")  To state a cognizable federal habeas claim based on a claimed state sentencing error, Petitioner must show that the alleged error was "so arbitrary or capricious as to constitute an independent due process violation." Richmond v. Lewis, 606 U.S. 40, 50, 113 S. Ct. 528, 121 L. Ed. 2d 411 (1992). Nothing in the record or in Petitioner's objections to the Report and Recommendation suggests that this was the case here.